## Richmond.

### SMITH v. THE COMMONWEALTH.

#### Absent, *Moncure*, P.

Chapter 154, § 14, of the Code of 1873, which provides that, in certain cases, the judge of one county or district may hold a court in another county or district, is constitutional.

John E. Smith was indicted at the November term, 1880, of the county court of Henry county, for an assault with intent to maim, disfigure, disable and kill Walter D. Booker; and such proceedings were thereupon had, that at the February term, 1881, of the said court, the prisoner was put upon his trial before the judge of the county court of Patrick county, then sitting as the judge of Henry county, and being found guilty, moved the court for an arrest of judgment, upon the ground that the judge of the county court of Patrick county had no authority, under the Constitution of the State, to sit as the judge of the county court of Henry county—which motion the court overruled, and judgment was pronounced accordingly. The prisoner thereupon excepted to the opinion of the court and applied to the judge of the circuit court for a writ of error and *supersedeas*, which was refused, but was granted by a judge of this court. The proceedings are sufficiently stated in the opinion of *Christian*, J.

*George W. Booker*, for the prisoner.

*The Attorney-General*, for the Commonwealth.

Smith v. The Commonwealth.

CHRISTIAN, J., delivered the opinion of the court.

The plaintiff in error was indicted in the county court of Henry county, for an assault with intent to kill.

He was tried twice. At the January term of said court in 1881, he was convicted of malicious cutting with intent to kill, and his term of confinement in the penitentiary was ascertained by the jury at four years.

This verdict, it seems, was set aside by the county court of Henry; it does not appear for what reasons.

At the February term he was again put upon his trial before the judge of the county court of Patrick county, then sitting in the place of the judge of the county court of Henry county; he was again convicted, and his term of imprisonment in the penitentiary fixed at three years by the verdict of the jury.

The prisoner then moved an arrest of judgment on said verdict upon the ground that the judge of the county court of Patrick county had no right to sit as a judge of the county court of Henry county, under the constitution of the State of Virginia.

The county court overruled the motion in arrest of judgment and proceeded to pass sentence on the prisoner in accordance with the verdict. And thereupon the prisoner, by his counsel, presented his petition for a writ of error to the Honorable Stafford G. Whittle, judge of the circuit court of Henry county, for a writ of error to the judgment of said county court refusing to arrest the judgment of said county court.

The writ of error was denied by the judge of the said circuit court, and from this refusal of the judge of the said circuit court to grant a writ of error, the prisoner, by his counsel, presented a petition to one of the judges of this court, which was accordingly awarded.

The record presents but a single question. That question is, whether the 14th section of chapter 154, Code of 1873, is unconstitutional? That section is as follows:

"14. If any judge of a county court be unable or fail to attend a regular term of his court, or be prevented from sitting during the whole term, or if, from death or other cause, there be no judge of such county, any other county judge may hold said court, either for the whole term or any part thereof. The clerk of the court of the county where a vacancy exists shall certify such fact to the Governor of the State, who is hereby authorized to designate any county court judge to hold the regular terms in said county until the vacancy is filled, and for such service said judge shall receive the mileage prescribed by law, and five dollars per day for the time in which he is actually engaged in holding court, to be paid out of the State treasury by a warrant of the auditor of public accounts upon the certificate of said judge."

Now, it is insisted by the learned counsel for the prisoner that this provision of the statute is in contravention of the 13th section of article sixth of the constitution of Virginia, and the argument is that the county court is a local court, whose jurisdiction is prescribed by the constitution, and the judge of said court has no jurisdiction beyond the limits of the county or judicial district in which he resides, and reference is made to the 12th section of same article, which prescribes the duties and powers of the judges of the circuit courts, and also expressly provides that a judge of one circuit may hold court in any other circuit, and that, if it had been intended that the judge of the county court should have the power to hold a court outside of the limits of his county, or judicial district, the constitution would have so provided, as it did in regard to the judges of the circuit courts.

This makes it necessary to examine the two sections of the constitution relied upon.

They are in these words:

"Sec. 12. A circuit court shall be held at least twice a year by the judges of each circuit in every county and corporation thereof wherein a circuit court now is or may hereafter be established. But the judges may be required or authorized to hold the courts of their respective circuits alternately, and the judge of one circuit to hold court in any other circuit."

"Sec. 13. In each county of this Commonwealth there shall be a court called the county court, which shall be *held monthly by a judge learned in the law of the State*, and to be known as the county court judge; provided, that counties containing less than eight thousand inhabitants shall be attached to adjoining counties for the formation of districts for county judges. County court judges shall be chosen in the same manner as judges of the circuit courts," &c.

The court is of opinion that this position of the learned counsel, that the act of the general assembly is unconstitutional, cannot be maintained.

It is familiar doctrine, and repeatedly declared by this court, and for which no reference to authority is necessary, that no enactment of the legislature will be declared unconstitutional, unless such enactment is prohibited by the constitution in express terms, or by necessary implication.

There is certainly nothing in the provisions of the constitution above quoted, which either expressly or by necessary implication inhibits a judge of one county from sitting in another county. The provision is, "that in each county of this Commonwealth there shall be a court called the county court, which shall be held (not by the judge of the county therein residing but) by a judge learned in the law of the State."

It was necessary for public convenience, and in the ad-

ministration of public justice, that the judge of one county might take the place of another judge, and that the *court* should be the same.

Suppose the judge of one county is sick, or disabled, or resigns, or dies, or is removed—must the administration of justice stop?· must there be no tribunal to try criminals or settle controversies in such county? Is it possible that the framers of the constitution intended that the whole machinery of the law and the administration of justice should cease by the death, or resignation, or sickness, or other accident? We think not. The very language used in the constitution—"there shall be a court called the county court, which shall be held by *a judge* learned in the law of the State"—plainly indicates that it was not intended to limit the jurisdiction of the county court to the particular person who might be appointed as county judge.

And whilst public convenience and the administration of public justice cannot avail against an express provision or necessary implication of the provisions of the constitution, yet such considerations, where there is no such express provisions or necessary implications, will always prevail in the construction of statutes.

We are, therefore, of opinion that the act in question is not unconstitutional; that it was a wise provision, passed in the interest of public justice and the administration of the law; that the county judge of Patrick, under the laws and constitution of this State, had a perfect right to preside in the county court of Henry county.

The conviction, therefore, of the prisoner in that court, was a lawful conviction, and the judgment of the circuit judge of Henry county, in refusing to award a writ of error to the judgment of the county court of Henry, overruling the motion in arrest of judgment, be affirmed by this court.

JUDGMENT AFFIRMED.